UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL WILLIAM HILTON, No. 28635-044,

    Petitioner,

  v.

DANIEL SPROUL, Warden,

    Respondent.

Case No. 21-cv-438-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Paul William Hilton's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the United States Penitentiary at Marion, Illinois, where respondent Daniel Sproul is the warden. The petitioner is challenging the conditions of supervised release imposed on an initial criminal conviction and a later criminal conviction that grew out of a search of his home and seizure of his cell phone while he was serving the previous term of supervised release, and a subsequent search of that phone conducted after his supervised release had been revoked.

Specifically, Hilton claims that the conditions of his supervised release were unconstitutional because they compelled him to submit to a search and answer questions which were then used, directly or indirectly, to obtain his supervised release revocation and criminal conviction, all in violation of his Fourth and Fifth Amendment rights. He also asserts that other supervised release conditions were unconstitutionally vague, that his 2010 *Alford* plea was involuntary and not supported by a sufficient factual basis, that he is actually innocent, that the Court of Appeals did not address all of his arguments, and that his original § 2255 motion was wrongly decided.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the

Federal Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

I.      **Background**

It appears from the record that Hilton's first federal conviction occurred in the United States District Court for the Eastern District of Missouri.  There, Hilton simultaneously pled guilty in one case to transporting child pornography in interstate commerce, *United States v. Hilton*, No. 4:01-cr-535-SNL (E.D. Mo.), and in another case to distributing child pornography, *United States v. Hilton*, No. 4:02-cr-143-SNL (E.D. Mo.).  The District Court sentenced him to serve 60 months in prison on each conviction, to be served concurrently, followed by a 3-year term of supervised release on each conviction, also to run concurrently.  Hilton completed his sentence of imprisonment and began serving his term of supervised release.  The District Court revoked his supervised release in November 2007 and again in May 2010.

While he was on supervised release, Hilton's cell phone was seized, and evidence obtained from a later search of that phone contributed to a subsequent conviction in the United States District Court for the Eastern District of Michigan.  There, Hilton was charged with multiple offenses related to child pornography.  *See United States v. Hilton*, No. 2:10-cr-20766-AC-MAR (E.D. Mich.).  On July 8, 2013, he pled guilty in that case to two counts of conspiracy to produce child pornography.  On April 17, 2014, the District Court sentenced him to serve 480 months in prison on each count, to be served concurrently, followed by a lifetime term of

supervised release on each count, also to run concurrently.

Hilton appealed his Eastern District of Michigan sentence, arguing that the court should have suppressed certain evidence, including the cell phone itself and the evidence it contained. In September 2015, the United States Court of Appeals for the Sixth Circuit rejected Hilton's arguments and affirmed the judgment. *United States v. Hilton*, 625 F. App'x 754 (6th Cir. 2015). In April 2016, the United States Supreme Court denied Hilton's petition for a writ of *certiorari*. *Hilton v. United States*, 136 S. Ct. 1527 (2016).

Hilton filed a motion under 28 U.S.C. § 2255 in December 2016, in the Eastern District of Michigan, again asserting, among other things, that the failure to suppress evidence was in error and that his counsel was constitutionally ineffective. The District Court denied that motion, *United States v. Hilton*, No. 10-20766, 2018 WL 836529, at *1 (E.D. Mich. Feb. 13, 2018), the Court of Appeals denied a certificate of appealability, *Hilton v. United States*, No. 18-1293, 2018 WL 4443939, at *1 (6th Cir. July 11, 2018), and the United States Supreme Court denied a petition for a writ of *certiorari*, *Hilton v. United States*, 139 S. Ct. 2681 (2019). In the meantime, Hilton also filed a Rule 60(b) motion challenging the denial of his § 2255 motion. The District Court denied that motion in April 2019. *United States v. Hilton*, No. 10-20766, 2019 WL 7971879 (E.D. Mich. Apr. 25, 2019). Again, the Court of Appeals denied a certificate of appealability as well as leave to file a second or successive § 2255 motion. *Hilton v. United States*, No. 19-1532 (6th Cir. Aug. 28, 2019).

Hilton has now filed a § 2241 petition that, in effect, challenges his sentence for many of the same reasons he has argued before.

**II.    Analysis**

Hilton cannot use § 2241 to challenge his sentence for the reasons he asserts. Generally,

an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction.  *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).  However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion "is inadequate or ineffective to test the legality of his detention."  A § 2255 motion is "inadequate or ineffective" to raise a challenge if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."  *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).  The obstacle rendering § 2255 inadequate must be a structural problem that forecloses even one round of effective collateral review of a sentence.  *Taylor v. Gilkey*, 314 F.3d 832, 837 (7th Cir. 2002).  This occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice."  *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

      Hilton cannot raise his current arguments in this § 2241 petition because a § 2255 motion is not inadequate or ineffective to test the legality of his detention.  In fact, he already raised his current arguments in his § 2255 motion, the District Court rejected them, and the Court of Appeals left the District Court's conclusions undisturbed.  This process provided Hilton "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."  *In re Davenport*, 147 F.3d at 609.  That he did not succeed in convincing the court of his view does not render the procedure structurally inadequate or ineffective.  Indeed, § 2255 was adequate under the *Davenport* test because Hilton does not raise any new statutory interpretation that applies to his case, and the constitutional arguments he

raises were or could have been invoked in his first § 2255 motion. Thus, under *Davenport*, § 2241 is not available to him for relief on the grounds he seeks.

In reviewing this § 2241 petition, the Court finds no need for an evidentiary hearing because, as a matter of law, § 2241 is unavailable to Hilton for his current complaints. *See, e.g., Clark v. Segal*, 854 F. App'x 88, 90 (7th Cir. 2021).

### III.    Conclusion

For the foregoing reasons, the Court **DENIES** Hilton's motion for a hearing (Doc. 3), **DISMISSES with prejudice** his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

The Court further **DENIES** Hilton's motion for counsel (Doc. 3). Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require it. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. As noted above, there is no need for a hearing in this matter, and justice does not require appointment of counsel because Hilton has been able to competently represent himself in his petition. The presence of counsel would not have had a reasonable chance of changing the result of the case.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in

his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  September 24, 2021**

                                                              s/ J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**