UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL WILLIAM HILTON, No. 28635-044,

    Petitioner,

v.

DANIEL SPROUL, Warden,

    Respondent.

Case No. 21-cv-438-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Paul William Hilton's motion to reconsider (Doc. 8) the Court's September 24, 2021, order and judgment (Docs. 6 & 7) dismissing his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1).

In his original petition, Hilton challenged the conditions of supervised release imposed on initial federal criminal convictions in Missouri, *United States v. Hilton*, No. 4:01-cr-535-SNL (E.D. Mo.) and *United States v. Hilton*, No. 4:02-cr-143-SNL (E.D. Mo.), as well as a later federal criminal conviction in Michigan, *United States v. Hilton*, No. 2:10-cr-20766-AC-MAR (E.D. Mich.). The Michigan conviction grew out of a search of his home and seizure of his cell phone while he was serving the Missouri term of supervised release, and a later search of that phone after his Missouri supervised release had been revoked. Since he was no longer on supervised release at the time of the search, he argued the search was unconstitutional.

This Court dismissed his petition on the grounds that § 2241 was not available to him under the "savings clause" of § 2255(e), *see In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998), because a § 2255 motion was not inadequate or ineffective to test the legality of his detention. In fact, he had already raised the same arguments in an earlier § 2255 motion in Michigan challenging the evidence found in the search of his phone. That proceeding provided Hilton "a

reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d at 609. In Hilton's current motion, he seeks reconsideration of that conclusion.

Hilton now complains that procedural requirements have gotten in the way of considering the merits of his collateral attack on his sentence. He faults the Court for not appointing him counsel. He asserts that *United States v. Davis*, 139 S. Ct. 2319 (2019), is a new law of statutory interpretation that he should be able to raise now, although he does not explain how *Davis* affects his case.[1] Instead, he rehashes the same arguments about evidence that was not suppressed in his Michigan conviction that he had already advanced in his earlier Michigan direct appeal and § 2255 motion as well as his § 2241 petition in this case. .

As a preliminary matter the Court cannot tell whether to evaluate Hilton's motion as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) or as a motion to vacate judgment pursuant Federal Rule of Civil Procedure 60(b) because there is no indication when he placed the filing in the prison mail system to be mailed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (articulating the prison "mailbox rule" deeming a document "filed" when it is placed in the prison mail system to be mailed). Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what

---

[1] *Davis* held that the categorical approach applied to determine whether an offense was a "crime of violence" for purposes of establishing an element of the offense of using, carrying, or possessing a firearm "during and in relation to a crime of violence" under 18 U.S.C. 924(c)(1)(A)(iii). *Davis*, 139 S. Ct. at 2336.

counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion."); *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label).  However, this distinction is not material because Hilton's request would suffer the same fate under either rule.

*Rule 59(e)*:  Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).  A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709.  The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted).  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Hilton has not pointed to any newly discovered evidence, intervening change in the law since the order he seeks to overturn, or, despite his protestations to the contrary, any manifest

error of law or fact in that order. Instead, he urges the Court to tackle the merits even if it does not have jurisdiction to do so. The Court remains convinced that § 2241 is not available to Hilton because he had an adequate opportunity to present these arguments earlier, and, in fact, did so in the Michigan court. Now he simply disagrees with the Court's conclusions, a matter he may raise in an appeal of this case.

*Rule 60(b)*: It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Rather, it is a collateral attack on a judgment, and the grounds for that attack must be something other than an argument that could have been used to obtain reversal on direct appeal. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).

In his motion to reconsider, Hilton rehashes the arguments he already asserted in his prior efforts to overturn his Michigan conviction. Again, the Court is not convinced that, under the

*Davenport* test, § 2241 is available to him.  Hilton has simply not pointed to any exceptional or special circumstances that amount to anything other than a disagreement about the Court's legal conclusions.  This is not enough to warrant the extraordinary remedy of relief from judgment under Rule 60(b).

For these reasons, the Court **DENIES** Hilton's motion for reconsideration (Doc. 8).

**IT IS SO ORDERED.**
**DATED:  December 3, 2021**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**